# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| GARY JAMERSON | CIVIL ACTION NO. 06-1150-P |
| VERSUS | JUDGE HICKS |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Gary Jamerson ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on July 3, 2006. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges the calculation of his state court sentence. Petitioner names Warden Burl Cain as respondent.

On June 26, 2000, Petitioner was convicted of one count of forcible in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to 40 years imprisonment at hard labor. The first two years were ordered to be served without benefit of parole, probation or suspension of sentence.

In support of this petition, Petitioner alleges (1) Act 1995, No. 1099 Section 1 should not be applied to calculate his good time credits, (2) La. R.S. 15:832 is vague and ambiguous

---

[1] This decision is not intended for commercial print or electronic publication.

and (3) the principle of lenity should apply.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Although Petitioner has provided this Court with numerous documents, he has failed to provide documentation to evidence that his claims were fully exhausted in the state courts. Specifically, Petitioner has failed to provide documentation that his claims were raised in the Supreme Court of Louisiana. Thus, Petitioner has failed to exhaust all available state court

remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 22nd day of January 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE